UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x    20-cv-04326 (NSR)

Abraham Rosenfeld, individually and on behalf of all
others similar situated;

                       Plaintiff,                              <u>ANSWER</u>

   -v.-

Forster & Garbus, LLP,
Absolute Resolutions Investments, LLC
John Does 1-25,

         Defendants.

-----------------------------------------------------------------x

   Forster & Garbus, LLP and Absolute Resolutions Investments, LLC, by their attorney ROBERT L. ARLEO, ESQ., as and for their Answer to the Plaintiff's Complaint filed on June 7, 2020 (hereinafter "Plaintiff's Complaint") sets forth as follows:

1. The allegations set forth in paragraph 1 of the Plaintiff's Complaint purport to be a synopsis of the Fair Debt Collection Practices Act (FDCPA) and otherwise sets forth no allegations against the Defendants, thus no response thereto is required.

2. The allegations set forth in paragraph 2 of the Plaintiff's Complaint purport to be a further synopsis of the FDCPA and otherwise sets forth no allegations against the Defendants, thus no response thereto is required.

3. In regard to the allegations set forth in paragraphs 3 and 4 of the Plaintiff's Complaint, leave to the Court all determinations as to jurisdiction and venue.

4. In regard to the allegations set forth in paragraph 5 of the Plaintiff's Complaint, deny that any "class" exists and otherwise deny that the Defendants violated the FDCPA.

5. In regard to the allegations set forth in paragraph 6 of the Plaintiff's Complaint, deny that the Plaintiff has any right to damages and/or declaratory relief.

6. Admit the allegations set forth in paragraph 7 of the Plaintiff's Complaint.

7. Admit the allegations set forth in paragraph 8 of the Plaintiff's Complaint.

8. Admit the allegations set forth in paragraph 9 of the Plaintiff' Complaint.

9. Admit the allegations set forth in paragraph 10 of the Plaintiff's Complaint.

10. Admit the allegations set forth in paragraph 11 of the Plaintiff's Complaint.

11. Deny the allegations set forth in paragraph 12 of the Plaintiff's Complaint.

12. Deny the allegations set forth in paragraph 13 of the Plaintiff's Complaint.

13. Deny the allegations set forth in paragraph 14 of the Plaintiff's Complaint.

14. Deny the allegations set forth in paragraph 15 of the Plaintiff's Complaint.

15. Deny the allegations set forth in paragraph 16 of the Plaintiff's Complaint.

16. Deny the allegations set forth in paragraph 17 of the Plaintiff's Complaint.

17. Deny the allegations set forth in paragraph 18 of the Plaintiff's Complaint.

18. Deny the allegations set forth in paragraph 19 of the Plaintiff's Complaint.

19. Deny the allegations set forth in paragraph 20 of the Plaintiff's Complaint.

20. Deny the allegations set forth in paragraph 21 of the Plaintiff's Complaint.

21. In regard to the allegations set forth in paragraph 22 of the Plaintiff's Complaint the Defendants refer to each and every paragraph set forth in the herein Answer and incorporate said paragraphs by reference herein as if stated at length herein.

22. Admit the allegations set forth in paragraph 23 of the Plaintiff's Complaint.

23. Admit the allegations set forth in paragraph 24 of the Plaintiff's Complaint.

24. Admit the allegations set forth in paragraph 25 of the Plaintiff's Complaint.

25. Admit the allegations set forth in paragraph 26 of the Plaintiff's Complaint.

26. Admit the allegations set forth in paragraph 27 of the Plaintiff's Complaint.

27. Admit the allegations set forth in paragraph 28 of the Plaintiff's Complaint.

28. Admit the allegations set forth in paragraph 29 of the Plaintiff's Complaint.

29. Admit the allegations set forth in paragraph 30 of the Plaintiff's Complaint.

30. Admit the allegations set forth in paragraph 31 of the Plaintiff's Complaint.

31. Deny the allegations set forth in paragraph 32 of the Plaintiff's Complaint.

32. Deny the allegations set forth in paragraph 33 of the Plaintiff's Complaint.

33. Deny the allegations set forth in paragraph 34 of the Plaintiff's Complaint.

34. Deny the allegations set forth in paragraph 35 of the Plaintiff's Complaint.

35. In regard to the allegations set forth in paragraph 36 of the Plaintiff's Complaint the Defendants refer to each and every paragraph set forth in the herein Answer and incorporates said paragraphs by reference herein as if stated at length herein.

36. Deny the allegations set forth in paragraph 37 of the Plaintiff's Complaint.

37. The allegations set forth in paragraph 38 of the Plaintiff's Complaint constitute an alleged statement of law to which no response is required.

38. Deny the allegations set forth in paragraph 39 of the Plaintiff's Complaint.

39. Deny the allegations set forth in paragraph 40 of the Plaintiff's Complaint.

40. In regard to the allegations set forth in paragraph 41 of the Plaintiff's Complaint the Defendants refer to each and every paragraph set forth in the herein Answer and incorporates said paragraphs by reference herein as if stated at length herein.

41. Deny the allegations set forth in paragraph 42 of the Plaintiff's Complaint.

42. The allegations set forth in paragraph 43 of the Plaintiff's Complaint constitute an alleged statement of law to which no response is required.

43. Deny the allegations set forth in paragraph 44 of the Plaintiff's Complaint.

44. Deny the allegations set forth in paragraph 45 of the Plaintiff's Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

45. The Complaint fails to state any claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

46. The Plaintiff filed his Complaint in bad faith and for the purpose of harassing the Defendants and therefore is responsible to pay the Defendants for the reasonable attorneys fees and costs incurred in defense of this frivolous action pursuant to 15 U.S.C. § 1692(a)(3). In sending the subject collection letter to the Plaintiff, the Defendant is fully compliant with the mandate of *Avila v. Riexinger & Associates, L,L,C.*, 817 F.3d 72 (2d Cir. 2016). The issue therein was framed by the Second Circuit as follows:

    "The question presented is whether the sending of a collection notice that states a consumer's "current balance," but does not disclose that the balance may increase due to interest and fees, is a "false, misleading, or deceptive" practice prohibited by Section 1692e."

    In vacating and remanding that portion of the holding of the district court which answered this question in the negative, the Second Circuit stated (in part):

    "…we hold that plaintiffs have stated a claim that the collection notices at issue here are misleading within the meaning of Section 1692e. A reasonable consumer could read the notice and be misled into believing that she could pay her debt in full by paying the amount listed on the notice. In fact, however, if interest is accruing daily, or if there are undisclosed late fees, a consumer who pays the "current balance" stated on the notice will not know whether the debt has been paid in full. The debt collector could still seek the

interest and fees that accumulated after the notice was sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and fees from the consumer……Because the statement of an amount due, without notice that the amount is already increasing due to accruing interest or other charges, can mislead the least sophisticated consumer into believing that payment of the amount stated will clear her account, we hold that the FDCPA requires debt collectors, when they notify consumers of their account balance, to disclose that the balance ***may*** (italics/bold added) increase due to interest and fees. We think that requiring such disclosure best achieves the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e. It also protects consumers such as plaintiffs who may hold the reasonable but mistaken belief that timely payment will satisfy their debts.".

The letter which is the subject of the herein action is fully compliant with the mandates of *Avila* as it places the least sophisticated consumer on notice that payment of the amount set forth in the letter, after the date of the letter, may not satisfy the debt in full based upon the accrual of potential additional interest, costs and/or fees.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

47. The Plaintiff failed to mitigate his alleged actual damages.

## DEMAND FOR JURY TRIAL

48. The Defendants hereby demand trial by jury.

DATED: New York, New York
   July 13, 2020

ROBERT L. ARLEO, ESQ. P.C.

By: /s/     *Robert L. Arleo*
ROBERT L. ARLEO, ESQ.
Attorney for the Defendants
380 Lexington Avenue, 17th Floor
New York, New York  10168
Phone: (212) 551-1115
Fax: (518) 751-1801
Email: robertarleo@gmail.com

TO: STEIN SAKS, PLLC
    285 Passaic Street
    Hackensack, NJ 07601